**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 15-1280-DOC (DFMx)　　　　　　　　　　Date: June 14, 2018

Title: SANTA ANA POLICE OFFICERS ASSOCIATION ET AL V. CITY OF SANTA ANA ET AL

PRESENT:

**THE HONORABLE DAVID O. CARTER, JUDGE**

| Deborah Lewman | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):　ORDER GRANTING DEFENDANTS' MOTION TO STRIKE [121] AND REMANDING ACTION TO SUPERIOR COURT**

　　　Before the Court is Defendants City of Santa Ana, Michael Claborn, Douglas McGeachy, William Nimmo, Christopher Revere, Carlos Rojas, and Santa Ana Police Department's (collectively, "Defendants") Motion to Strike the first and third causes of action of Plaintiffs' Fourth Amended Complaint ("Motion") (Dkt. 121), which argues that this Court, in its March 13, 2018 Order, only granted Plaintiffs leave to amend their fourth and fifth causes of action, but that Plaintiffs nonetheless amended their first and third causes of action as well. *See generally* Mot. The Court finds this matter suitable for decision without oral argument. Fed. R. Civ. P. 78, Local Rule 7-15. Having reviewed the moving papers and considered the parties' arguments, the Court GRANTS Defendants' Motion and REMANDS this action to the Superior Court of California, County of Orange.

## I.   Background & Procedural History

On January 22, 2014, Corey Slayton and the Santa Ana Police Officers Association (collectively, "Plaintiffs") filed suit against the City of Santa Ana ("the City"), the Santa Ana Police Department, Police Chief Carlos Rojas, and DOES I-X in Orange County Superior Court ("State Court"). *See generally* Compl. (Dkt. 1-1). On July 13, 2015, the State Court granted Plaintiffs' Motion to Name Doe Defendants; thus, Plaintiffs added Christopher Revere, William Nimmo, Michael Claborn, and Douglas McGeachy as individual Defendants (Dkt. 1-6). Defendants removed the case to this Court on August 11, 2015. Notice of Removal (Dkt. 1).

Plaintiffs filed their Second Amended Complaint ("SAC") (Dkt. 18) on October 19, 2015. Defendants moved to dismiss parts of the SAC on November 2, 2015 (Dkt. 20). The Court issued an Order Granting in Part and Denying in Part this motion on December 2, 2015 ("Second MTD Order") (Dkt. 30). The Court dismissed with prejudice Plaintiffs' *Monell* claims against the City and Police Department, and also determined that the California Tort Claims Act claim presentation requirement[1] under California Government Code § 945.4 applied to Plaintiffs' first cause of action. Second MTD Order at 5–7, 13.

Plaintiffs filed their Third Amended Complaint ("TAC") (Dkt. 32) on December 15, 2015 (Dkt. 32). In the TAC, Plaintiff alleged: (1) violations of California Government Code § 3300; (2) violations of California Government Code § 3500; (3) declaratory relief based on the first and second causes of action; (4) retaliation in violation of Government Code § 3304; (5) whistleblower retaliation under California Labor Code § 1102.5; and (6) civil rights violations against all individual defendants under 42 U.S.C. § 1983. *See generally* TAC. On February 1, 2016, the Court issued an Order Granting Defendant's Motion to Dismiss Portions of Plaintiffs' Third Amended Complaint ("Third MTD Order") (Dkt. 39). The Court dismissed Plaintiffs' first, fourth, and fifth claims with prejudice, leaving Plaintiffs with the following causes of action: their second cause of action for a Writ of Mandate Pursuant to § 1085 for violation of Government Code § 3500, *et seq.*; their third cause of action for declaratory relief (based on their state law claim); and their sixth cause of action for civil rights violations under 42 U.S.C. § 1983 against the Individual Defendants.

---

[1] California Government Code § 945.4 provides that "no suit for money or damages may be brought against a public entity . . . until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board . . . ." Cal. Gov't Code § 945.4. This is commonly referred to as the claim presentation requirement.

On February 1, 2016, Defendants moved for summary judgment as to each of these remaining claims (Dkt. 41). On March 2, 2016, this Court granted Defendants' Motion for Summary Judgment ("MSJ Order") (Dkt. 83) as to Plaintiffs' sixth cause of action under 42 U.S.C. § 1983 on the merits, and, choosing not to exercise supplemental jurisdiction over the remaining state law claims, dismissed Plaintiffs' second and third causes of action "without prejudice subject to refiling in state court." *See* MSJ Order at 45.

On March 31, 2016, Plaintiffs appealed to the Ninth Circuit Court of Appeals this Court's dismissal of Plaintiffs' first, fourth, and fifth causes of action, as well as this Court's grant of summary judgment in favor of Defendants on Plaintiffs' 42 U.S.C. § 1983 claim (Dkt. 92). On January 25, 2018, the Ninth Circuit Court of Appeals issued a Memorandum affirming in part, reversing in part, and remanding to this Court (Dkt. 117). The Ninth Circuit reversed only with respect to this Court's prior dismissal with prejudice of Plaintiffs' fourth and fifth causes of action for retaliation. Mem. at 3. Thus, the Ninth Circuit remanded to "allow Plaintiffs-Appellants an opportunity to file an amended complaint as to their fourth and fifth causes of action only." *Id.* The Ninth Circuit's formal Mandate (Dkt. 118) issued on February 16, 2018, at which point its January 25, 2018 judgment took effect.

On March 13, 2018, this Court issued an order granting Plaintiffs leave to amend (Dkt 19), but the Order echoed the express limitation of the Ninth Circuit's Memorandum that Plaintiffs' permission to file a Fourth Amended Complaint was limited to amending their "fourth and fifth causes of action for retaliation only." On March 26, 2018, Plaintiffs filed their Fourth Amended Complaint (Dkt. 120).

On April 6, 2018, Defendants filed the instant Motion to Strike the first and third causes of action of Plaintiffs' Fourth Amended Complaint. On April 16, 2018, Plaintiffs opposed ("Opposition") (Dkt. 124), and on April 23, 2018, Defendants replied ("Reply") (Dkt. 125).

## II.     Legal Standard

Under Rule 12(f), a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f)(2). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527

(9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994) (quoting 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382, at 706–07 (1990)). "'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.* Moreover, where the scope of any amendment exceeds the leave to amend granted, courts will strike the offending portions of the pleading under Rule 12(f). See *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1048 (C.D. Cal. 2015) (citing *Kennedy v. Full Tilt Poker*, No. CV 09-07964 MMM (AGRx), 2010 WL 3984749, *1 (C.D. Cal. Oct. 12, 2010) (striking third amended complaint where plaintiff's claims "exceeded the authorization to amend the court granted"); *Barker v. Avila*, No. 2:09-cv-0001- GEB-JFM, 2010 WL 3171067, *1-2 (E.D. Cal. Aug. 11, 2010) (striking amendment to federal law claim where court had granted leave to amend only state law claims)).

### III. Discussion

Defendants argue that the Court should strike the first and third causes of action in Plaintiff's Fourth Amended Complaint because, consistent with the mandate from the Ninth Circuit Court of Appeals, this Court granted Plaintiffs leave to amend their fourth and fifth causes of action for retaliation only, yet Plaintiffs exceeded the scope of this leave to amend by also amending their first and third causes of action. Mot. at 1, 4. Specifically, Defendants explain that Plaintiffs made the following "material amendments to their first and third causes of action," despite "the plain direction from both the Ninth Circuit and this Court" regarding leave to amend the fourth and fifth causes of action only:

> Allegations in the first cause of action at paragraphs 74 and 75 were materially modified from those previously stated in the Third Amended Complaint. Rather than the previous allegations of alleged wrongdoing on two specific occasions, the amended first cause of action now charges that Defendants acted wrongfully on multiple dates, including but not limited to those previously alleged. Plaintiffs similarly added additional factual allegations to paragraph 83 and additional grounds for recovery in paragraph 87. These amendments were attempted notwithstanding the previous dismissal of the first cause of action without leave to amend, which the Ninth Circuit affirmed. The third cause of action, as now set forth in Plaintiffs' Fourth Amended Complaint, purports to reallege and incorporate all prior allegations set forth in that pleading, notwithstanding the absence of any leave to so amend. The amended third cause of action also seeks to incorporate the provisions of Government Tort Claim

notices now attached as Exhibits A and B to the Fourth Amended Complaint. The attempted resurrection of this previously dismissed cause of action also finds no authority in any order of this Court.

Mot. at 2–3.

In response, Plaintiffs argue that: (1) this Court never dismissed Plaintiffs' first cause of action in its entirety, but rather dismissed with prejudice only the damages claim in the first cause of action; and (2) the third cause of action was never dismissed with prejudice. Opp'n at 2–3. In addition, Plaintiffs "request clarification of whether this Court is accepting and/or assuming jurisdiction over Plaintiffs' remaining state law claims, even though there is no longer any federal questions/claims [sic] pending in this action." Opp'n at 4. The Court will address each of these issues in turn.

### A. Dismissal of Plaintiffs' First Cause of Action

First, Plaintiffs argue that when the Court dismissed Plaintiffs' first cause of action in its Third MTD Order, the Court only dismissed the damages claim under that cause of action. Opp'n at 4. Thus, Plaintiffs suggest that they may still pursue their first cause of action to the extent they seek equitable relief rather than damages. *See* Opp'n at 3. Plaintiffs explain that the Court's dismissal of their first cause of action was limited to the damages portion of the first cause of action, because dismissal of the damages portion was the only relief requested by Defendants in their motion to dismiss the TAC—and thus the relief granted by the Court was limited to that request. *See* Opp'n at 2 ("Defendants, in December 2015, filed a motion to dismiss the damages claims raised in the First, Fourth and Fifth Causes of Action; the motion did not seek to dismiss the entire First, Fourth, and Fifth Causes of Action, but moved to dismiss the damage claims to the extent they failed to state a claim upon which relief can be granted in the form of money damages due to failure to comply with the California Tort Claim Act."). Defendants respond that the Court clearly dismissed the first cause of action in its entirety, and that, in any case, Plaintiffs are not permitted to split their cause of action into damages and non-damages contentions. Reply at 1–3.

A review of the record shows that the Court previously dismissed Plaintiffs' first cause of action in its entirety. In their Motion to Dismiss portions of the TAC, Defendants requested that Plaintiffs' first, fourth, and fifth causes of action be dismissed with prejudice on the basis that they sought damages but failed to comply with the California Tort Claims Act presentment requirement. *See* Not. Mot. at 2 ("No suit for damages may be brought against a public entity on a cause of action for which claims are required to be presented by the Government Code . . . . Therefore the First, Fourth, and

Fifth Causes of Action seeking damages must be dismissed."). The Court had previously, in its Second MTD Order, dismissed those causes of action without prejudice on the same basis—failure to comply with the claim presentation requirement. *See* Second MTD Order. Significantly, in discussing whether the presentment requirement applied, the Court noted that "even when a plaintiff seeks equitable relief, '[a] plaintiff may be required to comply with the presentment requirement if the damages sought are substantial in their amount.'" *Id.* at 6 (quoting *Cuviello v. City of Stockton*, No. CIV. S-07-1625 LKK/KJM, 2009 WL 9156144, at *16 (E.D. Cal. 2009)). The Court then went on to explain:

> While Plaintiffs in this case are pursuing equitable relief, the Court does not find they have "any transcendent interest in injunctive or declaratory relief." This is especially true because Slayton has already been reinstated. *See Eureka Teacher's Assn. v. Bd. of Educ.*, 202 Cal. App. 3d 469, 475 (2002) (back pay and fringe benefits were incidental to mandamus action for reemployment). Further, in connection with the first cause of action, Plaintiffs are seeking significant statutory penalties—$25,000 per "each and every violation" of POBRA—along with other damages and attorney fees. SAC ¶ 71; *id.* at 38. Thus, for the same reasons articulated in [*Lozada v. City and County of San Francisco*, 145 Cal. App. 4th 1139 (2009)], the Court is hard-pressed to classify the monetary damages sought as merely incidental. Accordingly, the Court determines the claims presentation requirement applies to Plaintiffs' first cause of action.

Second MTD Order at 6–7. Thus, the Court determined that the claims presentation requirement applied to Plaintiffs' first cause of action *in its entirety*, and dismissed without prejudice that cause of action in its entirety. *See id.* at 7. After Plaintiffs failed to cure these deficiencies, the Court dismissed Plaintiff's first cause of action with prejudice. Third MTD Order at 11 ("Plaintiffs' first, fourth, and fifth claims are DISMISSED WITH PREJUDICE."). The Court made clear that the first cause of action was dismissed in its entirety, as the Court explicitly stated in the Third MTD Order that "Plaintiffs' remaining claims are: their second cause of action . . . their third cause of action . . . and their sixth cause of action." *Id.* No mention is made of any remaining injunctive relief portion of Plaintiffs' first cause of action. *See id.* Therefore, Plaintiffs' inclusion of their first cause of action in their Fourth Amended Complaint is improper, as this Court already dismissed that cause of action with prejudice. Moreover, the Ninth

Circuit explicitly affirmed the dismissal of this cause of action. Mem. at 3 ([T]he district court properly dismissed the first cause of action.").

Accordingly, the Court STRIKES Plaintiffs' first cause of action in the Fourth Amended Complaint.

### B. Dismissal of Plaintiffs' Third Cause of Action

Next, Plaintiffs argue that the Court should not strike their third cause of action because it was "[n]ever dismissed with prejudice by this Court (nor was it part of the Ninth Circuit Court of Appeals decision)." Opp'n at 5. Plaintiffs point out that, when this Court decided to decline to exercise supplemental jurisdiction, it dismissed Plaintiffs' third cause of action without prejudice to refiling in state court. *Id.* Plaintiffs argue that "[i]f this Court is now accepting supplemental jurisdiction, even though there are no pending federal claims, then the Third Cause of Action, as well as all other state law claims, would be reinstated." *Id.* The Court appreciates that Plaintiffs are raising the issue of supplemental jurisdiction. Nevertheless, Plaintiffs exceeded the scope of the leave to amend granted by this Court when Plaintiffs included their third cause of action in the Fourth Amended Complaint.

Accordingly, the Court STRIKES Plaintiffs' third cause of action in the Fourth Amended Complaint.

### C. Supplemental Jurisdiction

Next, Plaintiffs argue that it would be proper for this Court to decline to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims, "as the primary responsibility for developing and applying state law belongs to state court and as the claims remanded by the Ninth Circuit for an opportunity to file an amended complaint arise solely under state law." Opp'n at 4. Defendants do not respond to this argument. *See generally* Reply. As mentioned above, after granting summary judgment in Defendants' favor on Plaintiffs' federal claim, this Court previously declined to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims. *See* MSJ Order at 45. In the MSJ Order, the Court noted that it had discretion to decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) because it had dismissed all claims over which it had original jurisdiction, explaining:

> "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience,

> fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). District courts enjoy broad discretion in determining whether to retain jurisdiction over pendent state law claims. *See Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1000, supplemented, 121 F.3d 714 (9th Cir. 1997) ("[A] federal district court with power to hear state law claims has discretion to keep, or decline to keep, them under the conditions set out in § 1367(c)."). Here, Plaintiffs have asserted state law claims and seek injunctive relief for various state law violations. After reviewing § 1367(c) and the *Cohill* factors, the Court declines to exercise supplemental jurisdiction in this case. As an initial matter, the Court has dismissed all claims in which it had original jurisdiction. Additionally, the Court notes the "primary responsibility for developing and applying state law belongs to state courts." *Kohler*, 2013 WL 5315443, at *8.

MSJ Order at 43.

The Ninth Circuit affirmed this Court's judgment in Defendants' favor on Plaintiffs' federal law claim, and only reversed the dismissal of Plaintiffs fourth and fifth causes of action, which are both state law claims. *See generally* Mem. Accordingly, only state law claims remain in this action, and those claims are better decided by a state court. Thus, for the same reasons as discussed in the MSJ Order, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims and REMANDS this action to the Superior Court of California, County of Orange.

## IV.   Disposition

For the foregoing reasons, the Court GRANTS Defendants' Motion. The Court STRIKES the first and third causes of action in Plaintiffs' Fourth Amended Complaint.[2]

In addition, the Court REMANDS this action, in which only Plaintiffs' state law claims for retaliation remain pending, to the Superior Court of California, County of Orange.

---

[2] The Court notes that, in 2016, Plaintiffs refiled their third cause of action in state court, and that case remains pending. *See* Opp'n at 3 n.1. This Court's decision to strike the third cause of action from Plaintiffs' Fourth Amended Complaint in this action is not intended to preclude or have any effect on the ongoing litigation of that claim in state court.

The Clerk shall serve this minute order on the parties.